IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PEDRO SANCHEZ VARGAS,** *Petitioner*, <br><br> v. <br><br> **DAVID O'NEILL,** *Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office, Immigration and Customs Enforcement*, et al, ***Respondents.*** | Civil No. 25-7094 |

MEMORANDUM

**COSTELLO, J.**                                                                                               **January 14, 2026**

Pedro Sanchez Vargas is a citizen of Mexico who entered the United States without inspection in 2006. Immigration and Customs Enforcement ("ICE") detained him on December 15, 2025, pursuant to the mandatory detention provision in 8 U.S.C. § 1225(b)(2), which does not allow for release on bond. Vargas, who is presently detained at the Federal Detention Center in Philadelphia, Pennsylvania, filed an Emergency Petition for Writ of Habeas Corpus, arguing that his mandatory detention without bond is unlawful. The Government opposed the Petition. Because § 1225(b)(2) does not apply to noncitizens like Vargas who have resided in the United States for years, the Court will grant the Petition.

I.   BACKGROUND[1]

Vargas entered the United States from Mexico without inspection in approximately July 2006. ECF No. 1 ¶ 2. He has lived in the United States ever since. *Id.* Vargas is married to a

---

[1] The Government does not dispute these facts. ECF No. 6 at 2-3. During a status conference, the parties agreed that this matter could be resolved on the briefs and without a hearing.

United States citizen and has a three-year-old daughter. *Id*. He did not have any contact with federal immigration officials until he was detained on December 15, 2025. *Id*.

## II.   LEGAL STANDARD

A writ of habeas corpus is available to "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court may grant a writ of habeas corpus if a petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This includes a noncitizen's challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[T]he Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings.") (citation and quotations omitted).

## III.   DISCUSSION

For decades, noncitizens like Vargas, who entered the United States without inspection, were detained under 8 U.S.C. § 1226, which provided for a bond hearing and an opportunity for release pending the outcome of immigration proceedings. *See Jennings v. Rodriquez*, 583 U.S. 281, 288 (2018). Prior to Vargas' arrest, the Department of Homeland Security ("DHS") changed course and began treating noncitizens present in the United States without admission or parole as "applicants for admission" subject to mandatory detention under § 1225. *Soto v. Soto,* No. 25-cv-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). Section 1225 generally does not provide an opportunity for release on bond. Subsequently, the Board of Immigration Appeals ("BIA") issued a decision agreeing with this new interpretation and finding that all noncitizens

who entered the United States without admission or inspection, including those who have been residing in the United States for years without lawful status, are subject to mandatory detention without bond under § 1225.  *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

Vargas was detained under § 1225 pursuant to this new policy.  He argues that § 1225 does not apply to him and that his mandatory detention without bond is unlawful.  In response, the Government challenges the Court's jurisdiction and argues that Vargas is lawfully detained.  The Court agrees with Vargas.

### A.     Jurisdiction

The Government argues that three provisions in the Immigration and Nationality Act ("INA")—8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9), and 8 U.S.C. § 1252(a)—bar this Court's review of Vargas' claim.  In general, the Government contends that the Court lacks jurisdiction over any challenge to the Government's decision to commence immigration proceedings against Vargas and to detain him.  Neither of those things are at issue.  The question is not whether the Government can remove or detain Vargas.  Rather, the question is which statutory provision governs his detention.  Viewed this way, none of the provisions cited by the Government apply.  *See, e.g.*, *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-5488, 2025 WL 3218243, at *2-3 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399, at *3-4 (E.D. Pa. Nov. 14, 2025) (Wolson, J.).

#### 1.     Section 1252(g)

Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]"  8

U.S.C. § 1252(g). This bar "does not sweep broadly." *Tazu v. Att'y Gen. U.S.*, 975 F.3d 292, 296 (3d Cir. 2020). It reaches only the three specific actions it mentions – the commencement of proceedings, the adjudication of cases, and the execution of removal orders – "not everything that arises out of them." *Id*. Vargas has not challenged the commencement of the proceedings, the adjudication of an action against him, or any execution of his removal. Instead, he is challenging the legality of his mandatory detention. Accordingly, § 1252(g) does not bar review.

      2.     **Section 1252(b)(9)**

Section 1252(b)(9) provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). The Government contends that this provision bars review of the Petition because Vargas is challenging the Government's interpretation of a statutory provision arising from actions taken to remove him from the United States. This argument does not account for an important distinction between questions that arise from removal proceedings and claims that are collateral to, or independent of, the removal process. Section 1252(b)(9) does not apply to the latter. *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (internal quotation marks omitted). Here, Vargas' claims are collateral to the removal process and cannot be effectively handled through the administrative process. *Kumar v. McShane*, No. 25-6238, 2025 WL 3722005, *3 (E.D. Pa. Dec. 23, 2025). Accordingly, § 1252(b)(9) does not prevent this Court from deciding this Petition.

3.  **Section 1252(a)(2)(B)(ii)**

Section 1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" 8 U.S.C. § 1252(a)(2)(B)(ii). This statutory provision does not apply here because Vargas has not challenged the exercise of discretion, such as a bond denial. Instead, he is challenging the Government's contention that he is subject to mandatory detention without any opportunity for bond. *Zadvydas*, 533 U.S. at 688; *Demore,* 538 U.S. at 516-17. Therefore, § 1252(a)(2)(B)(ii) does not bar the Court's review of Vargas' claim.

B.  **Administrative Exhaustion**

The Government next argues that the Court should not consider Vargas' claim because he failed to exhaust his administrative remedies in his immigration proceedings. Although habeas petitioners are ordinarily required to exhaust their administrative remedies, they are not required to do so if the issue presented "involves only statutory construction." *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981). Resolution of this matter depends entirely on the statutory construction of 8 U.S.C. §§ 1225 and 1226. Accordingly, the exhaustion exception applies.

Additionally, habeas petitioners are not required to exhaust administrative remedies if those remedies would be futile. *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988). Requiring Vargas to exhaust his remedies through the administrative process prior to litigating his habeas claims here would be futile. Immigration officials are constrained by the BIA decision in *Hurtado*, discussed above, which would almost certainly result in the denial of Vargas' claims. Accordingly, Vargas is not required to administratively exhaust his claims.

5

C. **Section 1225 Does Not Apply**

Turning to the merits, the disposition of this case depends on whether § 1225 or § 1226 applies to noncitizens like Vargas, who came to the United States without authorization and have been living here for years. The Court finds that § 1226 – and not § 1225 – applies here.

In resolving issues of statutory interpretation, the court first turns to the statutory text and "proceed[s] from the understanding that '[u]nless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning.'" *Sebelius v. Cloer*, 569 U.S. 369, 376 (2013) (quoting *BP America Prod. Co. v. Burton*, 549 U.S. 84, 91 (2006)). A court may consider dictionary definitions to determine a word's ordinary meaning; however, a "word must not be read in isolation but instead defined by reference to its statutory context." *U.S. v. Husmann*, 765 F.3d 169, 173 (3d Cir. 2014) (internal citations omitted).

Section 1225 is titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing." It states that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending removal hearings. 8 U.S.C. § 1225(b)(2)(A). By its terms, this section applies to an alien who is both "an applicant for admission" and "seeking admission." An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)[.]" 8 U.S.C. § 1225(a)(1). The statute also defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A).

6

The phrase "an alien seeking admission" is not defined. Courts is this District have found the phrase "seeking admission" to mean "*actively* trying to acquire or gain 'lawful entry . . . after inspection and authorization by an immigration officer.'" *Kashranov,* 2025 WL 3188399, at *6. Put another way, "seeking admission" refers to active attempts to come into the United States, typically at a border or port of entry by presenting oneself for inspection and authorization. *Id*. at *6. Any other interpretation would render the separate term "applicant for admission" meaningless. Accordingly, the language of § 1225 supports limiting this section to noncitizens who are just arriving at the border or who have recently arrived in the United States.

Vargas has not recently arrived at the border. Nor has he actively sought admission. He has been living here since 2006, long enough to build a life, marry an American citizen, and start a family. Section 1225 therefore does not apply to his detention.

Instead, Vargas' detention is governed by § 1226. *Jennings*, 583 U.S. at 303 (noting that § 1226 "applies to aliens already present in the United States."). Section 1226, titled "Apprehension and detention of aliens," provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States[.]" 8 U.S.C. § 1226(a). Unless a noncitizen has previously been arrested, charged with, or convicted of certain crimes, § 1226 entitles the noncitizen to a bond hearing. *See* 8 C.F.R. §§ 1003.19(a), 1236.1(d). Because § 1226 applies, Vargas' mandatory detention under § 1225 is unlawful.

D. **Due Process**

Vargas also argues that his detention without a bond hearing violates due process. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. To determine whether Vargas has been denied due process, the Court applies the *Mathews v.*

7

*Eldridge* balancing test and weighs (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Each factor weighs in favor of Vargas. First, Vargas has a strong liberty interest in being free from mandatory detention. *Hamdi*, 542 U.S. at 529. Second, Vargas has been detained without any individualized determination that he is a danger to the community or a flight risk, and he has no opportunity to obtain a bond hearing. Third, the Government's interest does not outweigh Vargas' liberty interest, and a bond hearing is a minimal administrative burden. Because the *Mathews* factors weigh in favor of Vargas, the Court finds that his detention without a bond hearing violates due process.

## IV.   CONCLUSION

Section 1226 applies to Vargas' detention because he is not actively seeking admission and has been living in the United States since 2006. His detention without a bond hearing is unlawful. As a result, the Court will grant his petition.

An appropriate Order follows.

**BY THE COURT:**

_____
MARY KAY COSTELLO, J.